# Exhibit 1

**JOINT WRITTEN CONSENT TO RESOLUTIONS
OF THE BOARD OF DIRECTORS AND SHAREHOLDERS
OF IMPERIUM HOLDINGS, INC.
AND THE BOARDS OF MANAGERS AND SOLE MEMBER
OF NILES LANKFORD GROUP, LLC,
PENSION SYSTEMS, LLC,
RETIREMENT SYSTEMS OF ARIZONA, LLC,
AND RETIREMENT SYSTEMS OF CALIFORNIA, LLC**

**December 20, 2018**

The undersigned, being all of the elected and qualified members of the Board of Directors (the "*Imperium Board*") and all of the shareholders (the "*Imperium Shareholders*") of Imperium Holdings, Inc., an Indiana corporation ("*Imperium*"), and all of the elected and qualified members of the Boards of Managers (collectively, the "*Subsidiary Boards*", and with the Imperium Board, each a "*Board*" and collectively, the "*Boards*"), and the sole member (the "*Member*") of Niles Lankford Group, LLC, an Indiana limited liability company ("*NLG*"), Pension Systems, LLC, a South Carolina limited liability company ("*PSI*"), Retirement Systems of Arizona, LLC, an Indiana limited liability company ("*RSA*"), and Retirement Systems of California, LLC, an Indiana limited liability company ("*RSC*", and with NLG, PSI and RSA, each a "*Subsidiary*" and collectively, the "*Subsidiaries*", and the Subsidiaries and Imperium, each a "*Company*" and collectively, the "*Companies*"), acting under the provisions of Indiana Business Corporation Law, the Indiana Business Flexibility Act, the Indiana Uniform Business Organization Transactions Act and the South Carolina Uniform Limited Liability Company Act of 1996, as applicable, hereby take the following actions in lieu of special meetings of the Boards, the Imperium Shareholders and the Member, as applicable:

**Name Change for Imperium**
*Actions by the Imperium Board and Imperium Shareholders*

WHEREAS, it is in the best interests of Imperium for Imperium to change its name (the "*Name Change*") to "Latitude Service Company, Inc." (the "*New Name*");

NOW, THEREFORE, BE IT

**Actions by Imperium Board**

RESOLVED, that the Name Change is hereby authorized and approved; and

RESOLVED, that the Articles of Amendment of the Articles of Incorporation of Imperium (the "*Amended Articles*") attached hereto as <u>Exhibit A</u> are hereby approved, authorized and adopted effective as of the date hereof; and

RESOLVED, that the Imperium Board hereby recommends to the Imperium Shareholders that they approve the Name Change; and

## Actions by Imperium Shareholders

RESOLVED, FURTHER, that the Imperium Shareholders hereby (i) approve the Name Change, and (ii) authorize the Imperium to take all actions and steps as it deems necessary, appropriate and advisable in order to effect the Name Change, all without further approval by the Imperium Shareholders;

## Actions by Imperium Board

RESOLVED, FURTHER, that the officers of Imperium are, and each of them singly is, hereby authorized and directed (i) to execute and deliver the Amended Articles, with such alterations, additions and amendments as the officers, upon advice of counsel, may approve, such approval to be conclusively evidenced by the execution thereof, (ii) to cause the Amended Articles to be filed with the Indiana Secretary of State, and (iii) to take whatever additional steps and actions which may be necessary for Imperium to effectuate the Name Change and carry into effect the intent and purposes of the foregoing resolutions (including, without limitation, causing the Code of Bylaws and the issued and outstanding share certificates of Imperium to be retitled in the New Name); and

## Merger of Subsidiaries into Imperium
*Actions by the Boards, Imperium Shareholders and Member*

WHEREAS, Imperium is the sole member of each Subsidiary; and

WHEREAS, it is in the best interests of Imperium and the Subsidiaries for the Subsidiaries to merge with and into Imperium, with Imperium being the surviving entity (under its new name), to be effective as of 11:59 p.m. on December 31, 2018 (the "*Merger*"), pursuant to a Plan of Merger in the form attached hereto as Exhibit B (the "*Plan*"); and

WHEREAS, each Board, the Imperium Shareholders and the Member have reviewed the terms of the Plan and considered the Merger;

NOW, THEREFORE, BE IT

## Actions by Imperium Board

RESOLVED, that the Imperium Board believes it is in the best interest of Imperium and the Subsidiaries to consummate and effect the Merger, and the Merger is hereby authorized and approved; and

RESOLVED, FURTHER, that the Imperium Board hereby (i) approves and adopts the Plan, (ii) directs that the Plan be submitted to the Imperium Shareholders for approval, and (iii) recommends to the Imperium Shareholders that they approve the Merger; and

2

## Actions by Imperium Shareholders

RESOLVED, FURTHER, that the Imperium Shareholders hereby (i) approve the Merger and the Plan, and (ii) authorize the Imperium Board to take all actions and steps as it deems necessary, appropriate or advisable in order to effect the Merger and the Plan, without further authority from or approval by the Imperium Shareholders; and

RESOLVED, FURTHER, that all of the actions and steps taken by the Imperium Board in furtherance of the intent and purpose of the foregoing resolutions are hereby authorized, ratified and approved; and

## Joint Actions by Subsidiary Boards and Member

RESOLVED, FURTHER, that (i) the Subsidiary Boards and the Member hereby authorize and approve the Merger and adopt the Plan, and (ii) the Member hereby authorizes each Subsidiary Board to take all actions and steps as it deems necessary, appropriate or advisable in order to effect the Merger and the Plan, without further authority from or approval by the Member; and

## Joint Actions by All Boards

RESOLVED, FURTHER, that the officers of each Company are, and each of them singly is, hereby authorized and directed (i) to prepare, execute and deliver any and all agreements, instruments, certificates, or other documents necessary, convenient or appropriate to consummate the Merger, including, without limitation, Articles of Merger to be filed with the Indiana Secretary of State, Articles of Merger to be filed with the South Carolina Secretary of State, together with the appropriate documentation to be filed in the states of foreign qualification of the Subsidiaries to effectively withdraw and/or terminate the existence of the Subsidiaries and qualify Imperium (under the New Name) in each such jurisdiction, all upon the terms and conditions contemplated by the Merger and the Plan and/or described or presented to the Boards on the date hereof, and with such alterations, additions and amendments as the officers, upon advice of counsel, may approve, such approval to be conclusively evidenced by the execution thereof (collectively, the "*Merger Documents*"), (ii) to cause the Articles of Merger to be filed with the Indiana Secretary of State and the Articles of Merger to be filed with the South Carolina Secretary of State, and (iii) to cause each Company to perform its obligations under each of the Merger Documents, and any exhibits, supplements or amendments thereto; and

RESOLVED, FURTHER, that the officers of each Company are, and each of them singly is, hereby authorized and directed to pay all fees on behalf of such Company and to take all such further steps and actions as they in their sole discretion deem necessary or desirable to effectuate fully the actions contemplated hereby; and

RESOLVED, FURTHER, that all acts and deeds taken or done by the officers of each Company prior to or subsequently to the date hereof in connection with the negotiation of the terms and conditions of the Merger and the consummation of the Merger and the other transactions

contemplated by the Plan which are in conformity with the purpose and intent of these resolutions shall be, and they hereby are, in all respects ratified, approved and confirmed in all respects; and

RESOLVED, FURTHER, that this Consent may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same Consent, and any facsimile or electronic transmission of a signed counterpart shall be deemed to be an original counterpart and any signature appearing thereon shall be deemed to be an original signature.
24024002

*[Signature Page Follows]*

4

[Signature Page to Joint Consent]

IN WITNESS WHEREOF, the undersigned have executed this Joint Written Consent to Resolutions of the Board of Directors and Shareholders of Imperium and the Boards of Managers and Member of each Subsidiary, effective as of the date first written above, thereby agreeing that the foregoing recitals and resolutions shall be of the same force and effect as if adopted at special meetings of the Imperium Board and the Imperium Shareholders, and the Subsidiary Boards and Member, held, upon due notice, on such date.

"IMPERIUM BOARD"
"SUBSIDIARY BOARD"

Brad R. Lankford

Keith R. Pyle

Trent E. Newcomb

"MEMBER"

Imperium Holdings, Inc.

By: 
    Brad R. Lankford, President

"IMPERIUM SHAREHOLDERS"

Brad R. Lankford

Keith R. Pyle

Trent E. Newcomb

Clinton C. Reese

Michael E. Gossard

September Lynn Morris

S-1



**ARTICLES OF AMENDMENT TO THE
ARTICLES OF INCORPORATION**
State Form 38333 (R19 / 7-18)

Indiana Code 23-1-38-1 *et. seq.*
23-0.5-9-2

**FILING FEE: $30.00**

The undersigned officer of the Corporation named in Article I below (hereinafter referred to as the "Corporation") desiring to give notice of corporate action effectuating Amendment(s) of certain provisions of its Articles of Incorporation, certifies the following facts:

This Corporation exists pursuant to: *(Check appropriate box.)*
☑ Indiana Business Corporation Law    ☐ Indiana Professional Corporation Act of 1983    ☐ Indiana Benefit Corporation Act

| ARTICLE I – AMENDMENT(S) |
|---|

SECTION 1:    The name of the Corporation is:
  Imperium Holdings, Inc.

SECTION 2:    The date of incorporation of the Corporation *(month, day, year)*
  April 28, 2017

SECTION 3:    The name of the Corporation following this amendment to the Articles of Incorporation is:
  Latitude Service Company, Inc.

SECTION 4:
  The exact text of Article(s) _____ I _____ of the Articles of Incorporation is now as follows:

  The name of the Corporation is Latitude Service Company, Inc.

| ARTICLE II |
|---|

Date of each amendment's adoption *(month, day, year)*
December ⅄Ō, 2018

Page 1 of 2

**EXHIBIT A**

**ARTICLE III – REGISTERED AGENT INFORMATION**

*To determine if your Registered Agent is a Commercial Registered Agent (CRA), go to INBIZ.in.gov.*

**Electronic Service of Process Information**

**Sending an e-mail to the e-mail address provided by a registered agent is NOT sufficient to effectuate valid service of process.**

The Secretary of State is currently collecting a service of process e-mail address for registered agents under IC 23-0.5-4-3. Until the Indiana Supreme Court writes rules and develops a technical solution, valid service may not be effectuated electronically.

If you do not want to provide a service of process e-mail address, you may choose to use a commercial registered agent. Because all commercial registered agents are required to have a service of process e-mail address on record with the Secretary of State, choosing to use a commercial registered agent means that you are not required to provide another service of process e-mail address.

*Provide either commercial registered agent or noncommercial registered agent information below.*

| ☐ Commercial registered agent | Name of registered agent *(Do not provide address.)* | | | |
|---|---|---|---|---|

**OR**

| ☑ Noncommercial registered agent | Name of registered agent<br>Brad R. Lankford | | | |
|---|---|---|---|---|
| Address *(number and street) (A P.O. Box is not acceptable unless accompanied by a Rural Route number.)*<br>1500 N. Oak Drive | | City<br>Plymouth | State<br>**IN** | ZIP code<br>46563 |
| E-mail address of the registered agent at which the registered agent will accept electronic service of process<br>kpyle@nlgpension.com | | | | |

☑ By checking the box, the Signator(s) represent(s) that the Registered Agent named in these Articles of Amendment has consented to the appointment of Registered Agent.

**ARTICLE IV – MANNER OF ADOPTION AND VOTE** *(Complete applicable section.)*

NOTE:  *Only in limited situations does Indiana law permit an Amendment without shareholder approval. Because a name change requires a shareholder approval, Section 2 must be marked and either A or B completed.*

☐ **SECTION 1:**  This amendment was adopted by the Board of Directors or incorporators and shareholder action was not required.

☑ **SECTION 2:**  The shareholders of the Corporation entitled to vote in respect to the amendment adopted the proposed amendment. The amendment was adopted by: *(Shareholder approval may be by either A or B.)*

☐ A.  Vote of such shareholders during a meeting called by the Board of Directors. The result of such vote is as follows:

| | TOTAL |
|---|---|
| SHARES ENTITLED TO VOTE | |
| NUMBER OF SHARES REPRESENTED AT THE MEETING | |
| SHARES VOTED IN FAVOR | |
| SHARES VOTED AGAINST | |

☑ B.  Unanimous written consent executed on _____ December _____ , 20 18 _____ and signed by all shareholders entitled to vote.

**ARTICLE V – COMPLIANCE WITH LEGAL REQUIREMENTS**

The manner of the adoption of the Articles of Amendment and the vote by which they were adopted constitute full legal compliance with the provisions of the Act, the Articles of Incorporation, and the By-Laws of the Corporation.

I hereby verify, subject to penalties of perjury, that the statements contained herein are true,

this *20* day of _____ December _____ , 20 18

| Signature | |
|---|---|
| Printed name<br>Brad R. Lankford | Title<br>President |

Page 2 of 2

## EXHIBIT B

## PLAN OF MERGER

THIS PLAN OF MERGER (the "Plan of Merger") is dated as of the _20_ day of December 2018, and has been adopted, authorized and approved by Latitude Service Company, Inc., an Indiana corporation ("Surviving Entity").

## WITNESSETH THAT:

WHEREAS, Surviving Entity is a corporation formed under the Indiana Business Corporation Law (the "IBCL"); and

WHEREAS, each the entities proposing to merge with and into Surviving Entity are as follows: (i) Niles Lankford Group, LLC, an Indiana limited liability company ("NLG"), (ii) Pension Systems, LLC, a South Carolina limited liability company, (iii) Retirement Systems of Arizona, LLC, an Indiana limited liability company, and (iv) Retirement Systems of California, LLC, an Indiana limited liability company (each, a "Merging Entity"); and

WHEREAS, Surviving Entity is the sole member and owns 100% of the membership interests of each Merging Entity; and

WHEREAS, pursuant to the provisions of IBCL, the Indiana Business Flexibility Act, the Indiana Uniform Business Organization Transactions Act and the South Carolina Uniform Limited Liability Company Act of 1996, as applicable (and collectively, the "Acts"), the Board of Directors of Surviving Entity desires to cause each Merging Entity to merge with and into Surviving Entity (the "Merger"), and have authorized, approved and adopted this Plan of Merger;

NOW, THEREFORE, the Plan of Merger is as follows:

## ARTICLE I
## Parties to the Merger

Section 1.1.    Surviving Entity. The name of the entity into which each Merging Entity proposes to merge is "Latitude Service Company, Inc.", an Indiana corporation, which name shall not be changed as a result of the Merger.

Section 1.2.    Merging Entity. The name of each of the entities proposing to merge with and into Surviving Entity are as follows:

Niles Lankford Group, LLC, an Indiana limited liability company;
Pension Services, LLC, a South Carolina limited liability company;
Retirement Systems of Arizona, LLC, an Indiana limited liability company; and
Retirement Systems of California, LLC, an Indiana limited liability company.

## ARTICLE II
## Manner and Basis for Converting Equity Securities;
## Terms and Conditions of the Merger

Section 2.1.    The Merger.

    (a)    Effective Time of Merger.  On the terms and subject to the conditions set forth in this Plan of Merger and in accordance with the Acts, the Merger shall be effective as of 11:59 p.m. on December 31, 2018 (the "Effective Time").

    (b)    Actions to be Taken Upon Effective Time of Merger.  At the Effective Time: (i) each Merging Entity shall merge with and into Surviving Entity; and (ii) the separate existence of each Merging Entity shall cease.

Section 2.2    Conversion of Equity Securities.  On the terms and subject to the conditions set forth in this Plan of Merger, at the Effective Time, by virtue of the Merger and without any action on the part of Surviving Entity or Merging Entity:

    (a)    Each common share of Surviving Entity outstanding immediately prior to the Effective Time shall remain issued and outstanding, without any change or conversion.

    (b)    All of the membership interests of each Merging Entity outstanding immediately prior to the Effective Time shall be canceled, retired and extinguished without any conversion thereof, and no payment will be made with respect thereto.

Section 2.4.    Further Assurances.  If at any time Surviving Entity shall consider or be advised that any further assignment, assurance or other action is necessary or desirable to vest in Surviving Entity the title to any property or right of any Merging Entity or otherwise to carry out the purposes of this Plan of Merger, the proper officers, managers, members and/or other agents of each Merging Entity shall execute and make all such proper assignments or assurances and take such other actions.  The proper officers, members, managers and/or other agents of Surviving Entity are hereby authorized in the name of each Merging Entity to take any and all such actions.

## ARTICLE III
## Articles of Incorporation, Code of Bylaws
## and Officers and Directors of Surviving Entity

Section 3.1.    Articles of Incorporation and Code of Bylaws. The Articles of Incorporation and Code of Bylaws of Surviving Entity effective immediately prior to the Effective Time shall remain as the Articles of Incorporation and Code of Bylaws of Surviving Entity following the Merger, without change.

Section 3.2.    Officers and Directors.  The officers and members of the Board of Directors of Surviving Entity serving at the Effective Time shall continue in office as such until such officer's or director's successor has been elected and duly qualified.

2

## PLAN OF MERGER

THIS PLAN OF MERGER (the "Plan of Merger") is dated as of the _2o_ day of December 2018, and has been adopted, authorized and approved by Latitude Service Company, Inc., an Indiana corporation ("Surviving Entity").

### WITNESSETH THAT:

WHEREAS, Surviving Entity is a corporation formed under the Indiana Business Corporation Law (the "IBCL"); and

WHEREAS, each the entities proposing to merge with and into Surviving Entity are as follows: (i) Niles Lankford Group, LLC, an Indiana limited liability company ("NLG"), (ii) Pension Systems, LLC, a South Carolina limited liability company, (iii) Retirement Systems of Arizona, LLC, an Indiana limited liability company, and (iv) Retirement Systems of California, LLC, an Indiana limited liability company (each, a "Merging Entity"); and

WHEREAS, Surviving Entity is the sole member and owns 100% of the membership interests of each Merging Entity; and

WHEREAS, pursuant to the provisions of IBCL, the Indiana Business Flexibility Act, the Indiana Uniform Business Organization Transactions Act and the South Carolina Uniform Limited Liability Company Act of 1996, as applicable (and collectively, the "Acts"), the Board of Directors of Surviving Entity desires to cause each Merging Entity to merge with and into Surviving Entity (the "Merger"), and have authorized, approved and adopted this Plan of Merger;

NOW, THEREFORE, the Plan of Merger is as follows:

### ARTICLE I
### Parties to the Merger

Section 1.1.   Surviving Entity. The name of the entity into which each Merging Entity proposes to merge is "Latitude Service Company, Inc.", an Indiana corporation, which name shall not be changed as a result of the Merger.

Section 1.2.   Merging Entity.  The name of each of the entities proposing to merge with and into Surviving Entity are as follows:

Niles Lankford Group, LLC, an Indiana limited liability company;
Pension Services, LLC, a South Carolina limited liability company;
Retirement Systems of Arizona, LLC, an Indiana limited liability company; and
Retirement Systems of California, LLC, an Indiana limited liability company.

## ARTICLE II
## Manner and Basis for Converting Equity Securities;
## Terms and Conditions of the Merger

Section 2.1.   The Merger.

(a)   Effective Time of Merger.   On the terms and subject to the conditions set forth in this Plan of Merger and in accordance with the Acts, the Merger shall be effective as of 11:59 p.m. on December 31, 2018 (the "Effective Time").

(b)   Actions to be Taken Upon Effective Time of Merger.   At the Effective Time: (i) each Merging Entity shall merge with and into Surviving Entity; and (ii) the separate existence of each Merging Entity shall cease.

Section 2.2   Conversion of Equity Securities.   On the terms and subject to the conditions set forth in this Plan of Merger, at the Effective Time, by virtue of the Merger and without any action on the part of Surviving Entity or Merging Entity:

(a)   Each common share of Surviving Entity outstanding immediately prior to the Effective Time shall remain issued and outstanding, without any change or conversion.

(b)   All of the membership interests of each Merging Entity outstanding immediately prior to the Effective Time shall be canceled, retired and extinguished without any conversion thereof, and no payment will be made with respect thereto.

Section 2.4.   Further Assurances.   If at any time Surviving Entity shall consider or be advised that any further assignment, assurance or other action is necessary or desirable to vest in Surviving Entity the title to any property or right of any Merging Entity or otherwise to carry out the purposes of this Plan of Merger, the proper officers, managers, members and/or other agents of each Merging Entity shall execute and make all such proper assignments or assurances and take such other actions.   The proper officers, members, managers and/or other agents of Surviving Entity are hereby authorized in the name of each Merging Entity to take any and all such actions.

## ARTICLE III
## Articles of Incorporation, Code of Bylaws
## and Officers and Directors of Surviving Entity

Section 3.1.   Articles of Incorporation and Code of Bylaws.  The Articles of Incorporation and Code of Bylaws of Surviving Entity effective immediately prior to the Effective Time shall remain as the Articles of Incorporation and Code of Bylaws of Surviving Entity following the Merger, without change.

2

      Section 3.2.    Officers and Directors.  The officers and members of the Board of Directors of Surviving Entity serving at the Effective Time shall continue in office as such until such officer's or director's successor has been elected and duly qualified.

**ARTICLES OF MERGER**
**OF**
**NILES LANKFORD GROUP, LLC**
**(an Indiana limited liability company)**
**PENSION SYSTEMS, LLC**
**(a South Carolina limited liability company)**
**RETIREMENT SYSTEMS OF ARIZONA, LLC**
**(an Indiana limited liability company)**
**AND**
**RETIREMENT SYSTEMS OF CALIFORNIA, LLC**
**(an Indiana limited liability company)**
**WITH AND INTO**
**LATITUDE SERVICE COMPANY, INC.**
**(an Indiana corporation)**

**Article I**
**Surviving Entity**

The name of the entity surviving the merger is "Latitude Service Company, Inc." ("Surviving Entity"), and such name has not changed as a result of the merger.

The Surviving Entity is a domestic corporation existing pursuant to the provisions of the Indiana Business Corporation Law (the "IBCL"), by the filing of Articles of Incorporation with the Indiana Secretary of State on April 28, 2017 under the name "Imperium Holdings, Inc.", which name was thereafter changed to Latitude Service Company, Inc. by filing Articles of Amendment to the Articles of Incorporation with the Indiana Secretary of State on December _20_, 2018.

**Article II**
**Merging Entities**

The names, states of organization and dates of organization of the entities not surviving the merger (together, the "Merging Entities") are as follows:

| Name | State of Incorporation; Date |
| --- | --- |
| Niles Lankford Group, LLC | Indiana; November 10, 1983 |
| Pension Systems, LLC | South Carolina; April 30, 2013 (not qualified in Indiana) |
| Retirement Systems of Arizona, LLC | Indiana; November 13, 2014 |
| Retirement Systems of California, LLC | Indiana; November 14, 2013 |

24024456

### Article III
### Plan of Merger; Manner of Adoption and Vote

The Plan of Merger containing such information as required by the IBCL, the Indiana Uniform Business Organization Transactions Act and the South Carolina Uniform Limited Liability Company Act of 1996 (collectively, the "*Acts*"), and the merger contemplated thereby were approved by unanimous written consent of the Board of Directors and shareholders of the Surviving Entity, and the sole member and Boards of Managers of the Merging Entities, all in accordance with the Acts.

### Article IV
### Effective Date

The effective date of the merger shall be 11:59 p.m. December 31, 2018.

### Article V
### Registered Agent Information

The name and address of the registered agent of Surviving Entity is Brad R. Lankford, 1500 N. Oak Drive, Plymouth, Indiana 46563.   The email address for service of process is kpyle@nlgpension.com.   The signator represents that the registered agent for Surviving Entity has consented to the appointment of registered agent.

*[Signature Page Follows]*

24024456

[Signature Page to Articles of Merger]

IN WITNESS WHEREOF, each of the undersigned, being an authorized officer acting on behalf of the Surviving Entity and the Merging Entities, hereby executes these Articles of Merger and verifies, subject to penalties of perjury, that the statements contained herein are true, this _20_ day of December 2018.

"MERGING ENTITIES"

Niles Lankford Group, LLC

By: _____
    Brad R. Lankford, President

Pension Systems, LLC

By: _____
    Brad R. Lankford, President

Retirement Systems of Arizona, LLC

By: _____
    Brad R. Lankford, President

Retirement Systems of California LLC

By: _____
    Brad R. Lankford, President

"SURVIVING ENTITY"

Latitude Service Company, Inc.

By: _____
    Brad R. Lankford, President

**STATE OF SOUTH CAROLINA**
**SECRETARY OF STATE**

**ARTICLES OF MERGER - LIMITED LIABILITY COMPANY**

**TYPE OR PRINT CLEARLY IN BLACK INK**
Pursuant to Section 33-44-905 of the 1976 S.C. Code of Laws, as amended, the undersigned as the surviving limited liability company (or other surviving entity), delivers to the Secretary of State these articles of merger executed by each constituent limited liability company and each other entity which is a party to the merger, and sets forth the following information:

1. The name and address of the surviving or resulting limited liability company (or other surviving entity) is:

> Latitude Service Company, Inc.

Jurisdiction of Formation: __Indiana__ .

The surviving entity is a Limited Liability Company or a: __corporation__ .
(Type of Entity)

Date its initial articles were filed in jurisdiction: __4/28/2017__

If a foreign entity, the date when an application for authority was filed by the South Carolina Secretary of State or,

if an application has not been filed, a statement to that effect.: _____

2. If a South Carolina limited liability company is the surviving entity, specify in the following space such changes in its articles of organization as are necessary by reason of the merger.  (Note: Changes to the name of the entity or the Registered Agent must be filed on the appropriate forms.)

3. For a South Carolina Limited Liability Company or entity (other than the surviving entity), state the date the articles of formation were filed with the South Carolina Secretary of State.

Name of South Carolina entity:

> Pension Systems, LLC

Date its articles of organization were filed: __4/30/2013__

Pension Systems, LLC

Name of Limited Liability Company

4.  If a party to the merger (other than the surviving entity) is a foreign entity, specify the jurisdiction and filing date of its initial organizational documents and the date when its application for authority was filed by the South Carolina Secretary of State or, if an application has not been filed, a statement to that effect.

Name of foreign entity

Date its initial articles were filed: _____

Date of filing of application for authority (or statement): _____

Jurisdiction of Formation: _____

5.  The plan of merger has been approved and signed by each limited liability company and any other entity that is to merge.

6.  The effective date of merger is: 12/31/2018

7.  ☒  Check this box if the surviving entity is not a South Carolina limited liability company. Since the surviving entity is not a South Carolina limited liability company, it is agreed that the surviving entity (as specified in Item #1), may be served with process in South Carolina and is subject to liability in any action or proceeding for the enforcement of any liability or obligation of any limited liability company previously subject to suit in South Carolina which is to merge, and for the enforcement, as provided in Chapter 44 of title 33, 1976 South Carolina Code of Laws, as amended, of the right of members of any limited liability company to receive payment for their interest against the surviving entity.

8.  A copy of the plan of merger will be furnished by the surviving limited liability company (or other surviving entity), on request and without cost, to any member of any limited liability company or any person holding an interest in any other entity that is to merge.

The articles of merger must be signed on behalf of **each** entity that is a party to the merger.

_____
(Signature)

Brad R. Lankford
(Print Name)

President                                                              Date: 12/20/18
(Capacity)

Name of Company or Entity:

Latitude Service Company, Inc.
(the surviving entity)

| Pension Systems, LLC |
|---|

Name of Limited Liability Company

(Signature)

Brad R. Lankford
(Print Name)

Manager                                         Date: 12/20/18
(Capacity)

Name of Company or Entity:

| Niles Lankford Group, LLC |
|---|
| Pension Systems, LLC |
| Retirement Systems of Arizona, LLC |
| Retirement Systems of California, LLC |
| (the merging entities) |

FILING INSTRUCTIONS

1.  If management of a limited liability company is vested in managers, a manager shall execute these articles of merger.  If management of a limited liability company is reserved to the members, a member shall execute these articles of merger.  Specify whether a member or manager is executing these articles of merger.

2.  File two copies of these articles, the original and either a duplicate original or a conformed copy.

3.  If a foreign limited liability company is the surviving entity of the merger, it may not do business in South Carolina until an application for that authority is filed with the Secretary of State.

4.  This form must be accompanied by the filing fee of $110.00 payable to the Secretary of State.

Return to:        Secretary of State
                  1205 Pendleton Street, Suite 525
                  Columbia, SC 29201

**ARTICLES OF AMENDMENT TO THE**
**ARTICLES OF INCORPORATION**
State Form 38333 (R19 / 7-18)

**Indiana Code 23-1-38-1** *et. seq.*
**23-0.5-9-2**

**FILING FEE: $30.00**

The undersigned officer of the Corporation named in Article I below (hereinafter referred to as the "Corporation") desiring to give notice of corporate action effectuating Amendment(s) of certain provisions of its Articles of Incorporation, certifies the following facts:

This Corporation exists pursuant to: *(Check appropriate box.)*

☑ Indiana Business Corporation Law          ☐ Indiana Professional Corporation Act of 1983          ☐ Indiana Benefit Corporation Act

## ARTICLE I – AMENDMENT(S)

SECTION 1:      The name of the Corporation is:

Imperium Holdings, Inc.

SECTION 2:      The date of incorporation of the Corporation *(month, day, year)*

April 28, 2017

SECTION 3:      The name of the Corporation following this amendment to the Articles of Incorporation is:

Latitude Service Company, Inc.

SECTION 4:

The exact text of Article(s) _____ I _____ of the Articles of Incorporation is now as follows:

The name of the Corporation is Latitude Service Company, Inc.

## ARTICLE II

Date of each amendment's adoption *(month, day, year)*
December _____, 2018

## ARTICLE III – REGISTERED AGENT INFORMATION

*To determine if your Registered Agent is a Commercial Registered Agent (CRA), go to INBIZ.in.gov.*

### Electronic Service of Process Information

**Sending an e-mail to the e-mail address provided by a registered agent is NOT sufficient to effectuate valid service of process.**

The Secretary of State is currently collecting a service of process e-mail address for registered agents under IC 23-0.5-4-3. Until the Indiana Supreme Court writes rules and develops a technical solution, valid service may not be effectuated electronically.

If you do not want to provide a service of process e-mail address, you may choose to use a commercial registered agent. Because all commercial registered agents are required to have a service of process e-mail address on record with the Secretary of State, choosing to use a commercial registered agent means that you are not required to provide another service of process e-mail address.

*Provide either commercial registered agent or noncommercial registered agent information below.*

| ☐ Commercial registered agent | Name of registered agent *(Do not provide address.)* | | | |
|---|---|---|---|---|
| **OR** | | | | |
| ☑ Noncommercial registered agent | Name of registered agent<br>Brad R. Lankford | | | |
| Address *(number and street) (A P.O. Box is not acceptable unless accompanied by a Rural Route number.)*<br>1500 N. Oak Drive | | City<br>Plymouth | State<br>**IN** | ZIP code<br>46563 |

E-mail address of the registered agent at which the registered agent will accept electronic service of process
kpyle@nlgpension.com

☑ By checking the box, the Signator(s) represent(s) that the Registered Agent named in these Articles of Amendment has consented to the appointment of Registered Agent.

## ARTICLE IV – MANNER OF ADOPTION AND VOTE  *(Complete applicable section.)*

*NOTE:    Only in limited situations does Indiana law permit an Amendment without shareholder approval. Because a name change requires a shareholder approval, Section 2 must be marked and either A or B completed.*

☐ **SECTION 1:**    This amendment was adopted by the Board of Directors or incorporators and shareholder action was not required.

☑ **SECTION 2:**    The shareholders of the Corporation entitled to vote in respect to the amendment adopted the proposed amendment. The amendment was adopted by: *(Shareholder approval may be by either A or B.)*

☐    A.    Vote of such shareholders during a meeting called by the Board of Directors. The result of such vote is as follows:

| | TOTAL |
|---|---|
| SHARES ENTITLED TO VOTE | |
| NUMBER OF SHARES REPRESENTED AT THE MEETING | |
| SHARES VOTED IN FAVOR | |
| SHARES VOTED AGAINST | |

☑    B.    Unanimous written consent executed on _____ December _____, 20 18 _____ and signed by all shareholders entitled to vote.

## ARTICLE V – COMPLIANCE WITH LEGAL REQUIREMENTS

The manner of the adoption of the Articles of Amendment and the vote by which they were adopted constitute full legal compliance with the provisions of the Act, the Articles of Incorporation, and the By-Laws of the Corporation.

I hereby verify, subject to penalties of perjury, that the statements contained herein are true,

this _20_ day of _December_ , 20 18 .

Signature

| Printed name<br>Brad R. Lankford | Title<br>President |
|---|---|