# Exhibit 2

## PLAN OF REORGANIZATION

THIS PLAN OF REORGANIZATION (this "Agreement"), is made and effective as of 11:59 p.m. on December 31, 2017 (the "Effective Date"), by and among Imperium Holdings, Inc., an Indiana corporation ("Holdings"), Niles Lankford Group, Inc., an Indiana corporation ("NLG"), Pension Systems, Inc., a South Carolina corporation ("PSI"), Retirement Systems of Arizona, Inc., an Indiana corporation ("RSA"), Retirement Systems of California, Inc., an Indiana corporation ("RSC" and together with NLG, PSI and RSA, each, a "TPA" and collectively, the "TPAs"), Brad R. Lankford ("Lankford"), Keith R. Pyle ("Pyle"), Clinton C. Reese ("Reese"), Trent E. Newcomb ("Newcomb") and Michael E. Gossard ("Gossard" and together with Lankford, Pyle, Reese and Newcomb, each, a "Shareholder" and collectively, the "Shareholders").

### RECITALS

A. WHEREAS, Shareholders are the sole equity holders of the TPAs and Holdings and each Shareholder owns the following percentage of the issued and outstanding shares of each TPA (such issued and outstanding shares, the "TPA Shares") and of Holdings:

| Shareholder | Percentage of issued and outstanding shares |
| --- | --- |
| 1. Lankford | 87% |
| 2. Pyle | 3.25% |
| 3. Reese | 3.25% |
| 4. Newcomb | 3.25% |
| 5. Gossard | 3.25%; |

B. WHEREAS, Holdings is a corporation which has no current operations and whose only assets are equity securities of another entity;

C. WHEREAS, none of the TPAs is indebted to any of the Shareholders pursuant to any loan agreement or otherwise;

D. WHEREAS, as more fully described in that certain Contribution Agreement (the "Contribution Agreement") dated of even date herewith by and among the Shareholders and Holdings, each Shareholder will contribute all of the interests in the TPA Shares that such Shareholder owns to Holdings as a capital contribution to Holdings (the "Consideration");

E. WHEREAS, effectively contemporaneously with the execution of the Contribution Agreement, (i) Holdings will elect for each of the TPAs to be taxed as a qualified subchapter S subsidiary and (ii) in due course each of the TPAs will convert under applicable state law into a limited liability company (the "TPA Conversions");

F. WHEREAS, it is the intent of the parties hereto that the execution of the Contribution Agreement and the completion of the Elections take place as part of a single integrated plan that results in a reorganization of each TPA described in Section 368(a)(1)(D) of

the Internal Revenue Code of 1986, as amended (the "Code" and each such reorganization, a "Reorganization"); and

G.  WHEREAS, for purposes of section 368 of the Code, each of the TPAs and Holdings will be a party to a Reorganization.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and agreed, the parties hereto, intending to be legally bound, hereby agree as follows:

**Section 1.    Ordering of Actions in Furtherance of the Reorganization.**

(a)   Contribution Agreement Acts.  Effective as of the Effective Date, the Shareholders will contribute the TPA Shares to Holdings solely in exchange for the Consideration.

(b)   Q-Sub Elections.  Effectively contemporaneous with the Shareholders' contribution of the TPA Shares to Holdings, Holdings shall elect for each TPA to be classified as a qualified subchapter S subsidiary within the meaning of Section 1361 of the Code (the "Elections").

(c)   The Conversions.  Each of the TPAs will convert to a limited liability company under the state law of the TPAs incorporation with an effective time of conversion after the completion of the steps set forth in the Contribution Agreement.

**Section 2.    Transfer of Assets.**

Solely for U.S. federal income tax purposes, each TPA will be deemed to transfer to Holdings all of the assets, properties, rights and interests owned, used, occupied or held by or for the benefit of each TPA, wherever situated, existing as of the effective date of the Contribution Agreement, subject to all liens and encumbrances thereon, including without limitation the following: all assets, properties and rights of every kind and nature owned by each TPA or in which any TPA has an interest as of the effective date of the Contribution, known or unknown, fixed or unfixed, accrued, absolute, contingent or otherwise.

**Section 3.    Consideration.**

Solely for U.S. federal income tax purposes:

(a)   the Consideration will be deemed to be transferred to Holdings by each TPA pursuant to the Reorganization;

(b)   the Consideration will be deemed distributed by each TPA to the Shareholders in exchange for the surrender of the Shareholders' interest in the stock of each TPA pursuant to the Reorganization;

(c)     this Section 3 is intended to set forth the tax consequences associated with a reorganization described under section 368(a)(1)(D) of the Code and shall be interpreted consistently therewith.

**Section 4.     Statement of Plan.**

Each of the parties hereto agrees and affirms that, for U.S. federal income tax purposes, the deemed transfers occurring pursuant to the Contribution Agreement and the TPA Conversions are undertaken as an integrated plan and are intended to result in the transfer of the assets of each TPA to Holdings.

**Section 5.     Miscellaneous.**

(a)     Notices. All notices, requests and other communications to any party hereunder will be in writing and, unless otherwise provided in this Agreement, will be deemed to have been duly given upon receipt when delivered in person or when dispatched by electronic mail or facsimile transmission (confirmed by mail or nationally recognized overnight courier service dispatched on the same day) or dispatched by a nationally recognized overnight courier service to the appropriate party at its address set forth on the signature pages hereto.

(b)     Governing Law. This Agreement will be governed by, and construed in accordance with, the internal laws of the State of Indiana, without regard to the conflict of laws rules of such state.

(c)     Expenses. Except as otherwise expressly provided for herein, the parties will pay or cause to be paid all of their own fees and expenses incident to this Agreement and in preparing to consummate and consummating the transactions contemplated hereby.

(d)     Further Assurances. From time to time, as and when requested by a party hereto, the other party will execute and deliver, or cause to be executed and delivered, all such documents and instruments and will take, or cause to be taken, all such further or other actions, as the requesting party may reasonably deem necessary or desirable to consummate the transactions contemplated by this Agreement.

(e)     Termination; Amendments and Waivers.

(i)     This Agreement may be terminated (A) at any time by the mutual written consent of each of, or (B) by upon written notice to each of the other parties.

(ii)    Any provision of this Agreement may be amended or waived if, but only if, such amendment or waiver is in writing and is signed, in the case of an amendment, by each party to this Agreement or, in the case of a waiver, by the party against whom the waiver is to be effective.

    (iii) No failure or delay by any party in exercising any right, power or privilege hereunder will operate as a waiver thereof nor will any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege.

  (f) <u>No Assignment</u>.  Neither this Agreement nor any of the rights or obligations of the parties hereunder may be assigned or delegated to or assumed by any other person or entity.

  (g) <u>No Third-Party Beneficiaries</u>.  This Agreement is for the sole benefit of the parties hereto and nothing herein, expressed or implied, will give or be construed to give to any person or entity other than the parties hereto any legal or equitable rights hereunder.

  (h) <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which will be deemed to be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument.  A signature affixed to a counterpart of this Agreement and delivered by electronic mail, facsimile or other electronic means by any person or entity is intended to be his, her or its signature and shall be valid, binding and enforceable against the party on whose behalf it has been affixed.

  (i) <u>Headings</u>.  The headings in this Agreement are for convenience of reference only and will not control or affect the meaning or construction of any provisions hereof.

21554642

[signature pages follow]

[Signature Page to Plan of Reorganization]

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

Imperium Holdings, Inc.
Niles Lankford Group, Inc.
Pension Systems, Inc.
Retirement Systems of Arizona, Inc.
Retirement Systems of California, Inc.

By: _____
Printed: Brad R. Lankford
Its: President

_____
Brad R. Lankford

Address:
10193 Pretty Lake Trail
Plymouth, IN 46563


_____
Keith R. Pyle

Address:
1400 N. Park Avenue
Indianapolis, IN 46202


_____
Clinton C. Reese

Address:
2918 Alpine Terrace
Cincinnati, OH 45208


_____
Trent E. Newcomb

Address:
16870 Easy Street
Plymouth, IN 46563

[Signature Page to Plan of Reorganization]

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

Imperium Holdings, Inc.
Niles Lankford Group, Inc.
Pension Systems, Inc.
Retirement Systems of Arizona, Inc.
Retirement Systems of California, Inc.

By:_____
Printed: Brad R. Lankford
Its:  President

---

Brad R. Lankford

Address:
10193 Pretty Lake Trail
Plymouth, IN 46563

*/s/ Keith R. Pyle*

Keith R. Pyle

Address:
1400 N. Park Avenue
Indianapolis, IN 46202

---

Clinton C. Reese

Address:
2918 Alpine Terrace
Cincinnati, OH 45208

---

Trent E. Newcomb

Address:
16870 Easy Street
Plymouth, IN 46563

[Signature Page to Plan of Reorganization]

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

Imperium Holdings, Inc.
Niles Lankford Group, Inc.
Pension Systems, Inc.
Retirement Systems of Arizona, Inc.
Retirement Systems of California, Inc.

By:_____
Printed: Brad R. Lankford
Its:   President

_____
Brad R. Lankford

    Address:
    10193 Pretty Lake Trail
    Plymouth, IN 46563

_____
Keith R. Pyle

    Address:
    1400 N. Park Avenue
    Indianapolis, IN 46202

_____
Clinton C. Reese

    Address:
    2918 Alpine Terrace
    Cincinnati, OH 45208

_____
Trent E. Newcomb

    Address:
    16870 Easy Street
    Plymouth, IN 46563

[Signature Page to Plan of Reorganization]

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

Imperium Holdings, Inc.
Niles Lankford Group, Inc.
Pension Systems, Inc.
Retirement Systems of Arizona, Inc.
Retirement Systems of California, Inc.

By:_____
Printed:  Brad R. Lankford
Its:    President

_____
Brad R. Lankford

    Address:
    10193 Pretty Lake Trail
    Plymouth, IN 46563

_____
Keith R. Pyle

    Address:
    1400 N. Park Avenue
    Indianapolis, IN 46202

_____
Clinton C. Reese

    Address:
    2918 Alpine Terrace
    Cincinnati, OH 45208

_/s/ Trent E. Newcomb_____
Trent E. Newcomb

    Address:
    16870 Easy Street
    Plymouth, IN 46563

[Signature Page to Plan of Reorganization]

_____
Michael E. Gossard

    Address:
    4326 Vista Walk Lane
    Powell, OH 43065