UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LATITUDE SERVICE COMPANY, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CLINTON C. REESE, <br><br> Defendant. | CASE NO. 3:21-CV-728-CCB-SJF |

**OPINION and ORDER**

Pending and ripe before the Court is Defendant Clinton Reese's Motion to Compel Discovery [DE 190].[1] For the reasons explained below, Mr. Reese's Motion to Compel is granted in part and denied in part.

**A.   Background**

Plaintiff Latitude Service Company, Inc. filed a complaint in state court on August 26, 2021, bringing a declaratory judgment claim against Defendant Clinton Reese. After removal to this Court, the complaint was amended twice, adding Highland Management Group, Inc. ("Highland"), an entity affiliated with Latitude Service Company, as a plaintiff, as well as six more claims alleged against Mr. Reese. In response, Mr. Reese has asserted counterclaims against Plaintiffs as well as third-party claims against Retirement Systems of America, LLC ("RSA"), North American KTRADE

---

[1] The parties' pending motions for clarification or reconsideration of the Court's opinion and order on the parties' cross-motions for summary judgment [DE 178, DE 183] will be addressed via separate order by the presiding judge.

Alliance, LLC ("KTRADE"), eIRA, LLC[2], and Brad Lankford[3]. The parties' claims reflect disputes including Mr. Reese's status as a shareholder of Latitude Service Company and the Latitude-affiliated entities; the validity and enforceability of certain agreements between the parties; the reasonableness of the restrictive covenants in those agreements; and alleged breaches of fiduciary duties related to shareholder rights and obligations.

The Court entered its original Rule 16(b) Scheduling Order on February 2, 2022, setting various discovery-related and case management deadlines. Relevant to Mr. Reese's instant motion to compel, the Rule 16(b) Scheduling Order set the deadline to file any discovery-related nondispositive motions for December 27, 2022, and January 27, 2023, as the deadline for completion of all discovery. [DE 23 at 2]. These deadlines were extended to April 1, 2023, and May 1, 2023, respectively [DE 69]; then extended again to September 1, 2023, and October 2, 2023 [DE 103]; and finally, to September 18, 2023, and October 16, 2023. [DE 110].

Numerous discovery disputes arose during the discovery period. Relevant here, on September 21, 2023, Mr. Reese moved for leave to take the number of depositions—twelve—that were originally requested by Mr. Reese in the Joint Status Report/Discovery Plan and authorized by this Court in the Amended Scheduling Order. The parties disputed the depositions noticed by Mr. Reese, as Plaintiffs contended that the Amended Scheduling Order allowed only twelve depositions in

---

[2] RSA, KTRADE, and eIRA are also corporate entities affiliated with Latitude Service Company. [*See* DE 87 at ¶¶ 5, 14; DE 56 at 1, fn. 1].
[3] Brad Lankford is the president and majority shareholder of Latitude and Highland. [*See* DE 87 at ¶¶9, 27].

2

total, including the five depositions that Mr. Reese conducted before the Court's Amended Scheduling Order. Plaintiffs also maintained that each Rule 30(b)(6) deposition should be considered a separate deposition, at least for counting the total number, even if the deponent is a corporate representative for multiple entities. In an order dated December 12, 2023, the Court granted Mr. Reese's motion over the objection of Plaintiffs. The Court's order clarified that Plaintiffs collectively and Defendant may each conduct no more than 12 depositions from April 18, 2023, forward, not counting any recall of previous deponents. The Court also clarified that each Rule 30(b)(6) deposition of an entity counted as a single deposition even if more than one witness is designated to testify for a single entity, or conversely, if a single individual is designated to testify for multiple entities. [DE 142 at 1-2].

Both sides also moved to compel discovery before the expiration of the original discovery deadline. [*See* DEs 121, 122]. While those motions were pending, the parties then cross-moved for summary judgment in November and December of 2023. [DE 139, DE 146]. The Court held a motion hearing on the pending discovery motions and other issues on January 31, 2024. [DE 161]. The Court's order from this hearing, issued on February 1, 2024, acknowledged that both parties wished to pursue additional discovery. The Court, however, stayed this additional discovery—discovery that was explicitly limited to certain remaining fact and expert witness depositions—until the Court's ruling on the parties' cross motions for summary judgment. [DE 162]. On September 30, 2024, the Court ruled on the parties' summary judgment motions and lifted the stay on remaining discovery. [DE 177 at 139]. Accordingly, the deadline for

3

the parties to complete any remaining fact and expert depositions was set for November 29, 2024. [*Id.*]. This deadline was subsequently extended to January 17, 2025, upon the parties' request. [DE 188].

Mr. Reese then filed the instant Motion to Compel on January 17, 2025—the deadline for completion of remaining fact and expert depositions. In his motion, Mr. Reese seeks an order compelling:

> (1) Third Party Defendants Retirement Systems of America, LLC ("RSA") and eIRA to produce an authorized Rule 30(b)(6) corporate representative to appear for a deposition and testify under oath on the subjects and topics set forth in the Notice of Deposition;
> (2) Plaintiffs Latitude Service Company, Inc. ("Latitude") and Highland Management Group, Inc. ("HMG") to produce all documentation relating to documents and communications with EdgeCo Holdings, Ascensus, and any other third party, with whom Plaintiffs engaged in negotiations to buy or sell the companies, which was not produced in response to prior discovery and document requests;
> (3) Plaintiffs to produce the requested financial documents (quarterly and year-end financial statements (balance sheet, income statement, profit and loss statement) for 2022, 2023, and 2024 for Latitude and the Latitude Affiliates; and
> (4) Plaintiffs and Third Party Defendants to respond to Defendant's document requests, including the documents of documents relating to the corporate actions, revenues, profits, and distributions of Latitude Holdings, eIRA, and RSA, including the "transition" of business from those entities to Latitude after forcing Mr. Reese to sell his ownership interest.

[DE 191]. In response, Plaintiffs contend that Mr. Reese's motion should be denied on all fronts. As to the first order sought by Mr. Reese, Plaintiffs contend that he is seeking duplicative and cumulative depositions, and Plaintiffs can respond to the deposition notices by designating prior testimony. As to the second, third, and fourth orders sought by Reese, Plaintiffs contend that he is seeking production of documents originally requested years ago and that Mr. Reese failed to address previous concerns raised by Plaintiffs until after the close of the relevant discovery period. Defendant filed his reply in support of his motion to compel on February 13, 2025, contending that the

4

documents requested are directly relevant and highly probative, and contending that RSA and eIRA must be required to produce a corporate representative for a deposition under Fed. R. Civ. P. 30(b)(6).

**B.      Standard**

Information is discoverable if it is nonprivileged, relevant to any claim or defense in the case, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). When an opposing party fails to respond to discovery requests or provides evasive or incomplete responses to requests, a party may move to compel. Fed. R. Civ. P. 37(a). Typically, "[t]he burden rests upon the objecting party to show why a particular discovery request is improper." *Med. Assur. Co., Inc. v. Weinberger*, 295 F.R.D. 176, 181 (N.D. Ind. 2013) (internal citations omitted). But when the discovery request is overly broad or relevancy is not apparent, the requesting party must establish relevancy. *Vajner v. City of Lake Station, Indiana*, No. 2:09-CV-245, 2010 WL 4193030, at *2 (N.D. Ind. Oct. 18, 2010). When addressing motions to compel filed under Fed. R. Civ. P. 37(a), the court has broad discretion and may deny discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495–96 (7th Cir. 1996). "[A] district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile*, 95 F.3d at 496.

**C.      Analysis**

As stated, in his motion, Mr. Reese seeks an order compelling:

5

> (1) Third Party Defendants Retirement Systems of America, LLC ("RSA") and eIRA to produce an authorized Rule 30(b)(6) corporate representative to appear for a deposition and testify under oath on the subjects and topics set forth in the Notice of Deposition;
> (2) Plaintiffs Latitude Service Company, Inc. ("Latitude") and Highland Management Group, Inc. ("HMG") to produce all documentation relating to documents and communications with EdgeCo Holdings, Ascensus, and any other third party, with whom Plaintiffs engaged in negotiations to buy or sell the companies, which was not produced in response to prior discovery and document requests;
> (3) Plaintiffs to produce the requested financial documents (quarterly and year-end financial statements (balance sheet, income statement, profit and loss statement) for 2022, 2023, and 2024 for Latitude and the Latitude Affiliates; and
> (4) Plaintiffs and Third Party Defendants to respond to Defendant's document requests, including the documents of documents relating to the corporate actions, revenues, profits, and distributions of Latitude Holdings, eIRA, and RSA, including the "transition" of business from those entities to Latitude after forcing Mr. Reese to sell his ownership interest.

The Court will address Mr. Reese's first request—an order compelling depositions—separately from his second through fourth requests, which requests an order compelling document production.

### 1. Depositions (Requested Order 1)

The Court begins with Mr. Reese's first requested order—that "Third Party Defendants Retirement Systems of America, LLC ("RSA") and eIRA [be ordered] to produce an authorized Rule 30(b)(6) corporate representative to appear for a deposition and testify under oath on the subjects and topics set forth in the Notice of Deposition." [DE 198-1 at 1]. Mr. Reese explains that he did not depose these parties before the original discovery deadline because "Plaintiffs took the position that each deposition of a corporate entity was a separate deposition, even if the exact same witness appeared at the exact same time for deposition." [DE 201 at 5]. The parties' disagreement prompted Mr. Reese to file a motion for clarification, which the Court ruled on in December 2023,

6

finding that Mr. Reese could take up to "12 depositions from April 18, 2023, forward, not counting any recall of previous deponents." [DE 142]. As stated, remaining depositions were stayed until the Court's ruled on the parties' cross motions for summary judgment.

After the Court's opinion and order entered on September 30, 2024, lifted the stay on this discovery, Mr. Reese provided deposition topics to RSA and eIRA on October 24, 2024. Deposition topics included:

> (1) Corporate resolutions and actions taken by owners/members, managers, board of directors, and executive ... from May 2021 to present;
> (2) Board meetings, management meetings, vote of shareholders, members, and/or managers, and other matters involving corporate governance, from May 2021 to present;
> (3) Business revenues, accounting, and profits, from May 2021 to present;
> (4) Payments, distributions, and/or management fees paid to managers, shareholders, and/or members, from May 2021 to present.

[DE 191-7]. Plaintiffs objected to Mr. Reese's deposition request, instead contending that they can designate prior deposition testimony rather than produce a witness for a deposition. Mr. Reese disputes that Plaintiffs can simply designate prior testimony here.

Fed. R. Civ. P. 30(b)(6) allows for depositions of organizations and requires that notices of such organizational depositions "describe with reasonable particularity the matters for examination." The organization must then designate one or more persons to testify on behalf of the company, "setting out the matters on which each person designated will testify." *Id.* The deponent must testify, not merely based on personal knowledge, but the information known to, or reasonably available to, the organization.

Rule 26(b)(2)(C) requires the Court to limit discovery if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source

7

that is more convenient, less burdensome, or less expensive" or "(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C). Rule 30(b)(6) depositions must adhere to the proportionality requirements and discovery principles in Rule 26. *Ball Corp. v. Air Tech of Michigan, Inc.*, 329 F.R.D. 599 (2019); *Catt v. Affirmative Ins. Co.*, No. 2:08-CV-243-JVB-PRC, 2009 WL 1228605, at *3 (N.D. Ind. Apr. 30, 2009). Thus, "[i]n certain circumstances, courts have permitted a party to designate prior testimony in lieu of a live witness where the most knowledgeable witness has previously testified extensively on the topic and the corporate party agrees to be bound by the prior testimony." § 30:46 Designating the representative, 1 Federal Rules of Civil Procedure, Rules and Commentary § 30:46.

Mr. Reese contends that prior deposition testimony is not sufficient here. First, Mr. Reese contends that the prior depositions given by these individuals "were limited and counted in separate 'corporate capacities.'" [DE 198-1 at 9]. Mr. Reese also contends that "no witnesses have testified as to [certain] corporate changes and decision-making (how, when, by whom, and by what authority were these actions were taken), whether the actions damaged the company (RSA) to the detriment of Mr. Reese and the enrichment of Latitude (after the dissenter's right action), and what documentation exists relating to the corporate actions, among other claims" and that "no witness has testified regarding the corporate actions, business, revenues, current ownership structure, and distributions of eIRA, or why Mr. Reese continues to be excluded from all corporate information, documents, meetings, votes, and revenues, notwithstanding the September 30, 2024 Decision of this Court." [*Id.*]. Mr. Reese also contends that it would

8

be impossible to designate prior deposition testimony—testimony taken in September 2023, when Mr. Reese intends to ask questions relating to corporate actions, revenues, accounting, and distributions after that date. *Id.* In support of his motion, Mr. Reese directs the Court to prior decisions entered in *Ball Corp. v. Air Tech, of Mich., Inc.*, 329 F.R.D. 599 (N.D. Ind. 2019) and *Babjak v. Arcelormittal USA, LLC*, No. 2:15-CV-40-JVB-PRC, 2016 WL 4191050 (N.D. Ind. Aug. 9, 2016).

Plaintiffs distinguish *Ball Corp.* and *Babjak* explaining that, in those cases, the courts found that the witness had testified before in their individual capacities, not as a corporate representative, which are "qualitatively different." *Ball Corp.*, 329 F.R.D. at 605-6, *Babjak*, 2016 WL 4191050, at *2. Plaintiffs instead direct the Court to decisions reached by district courts in other circuits to show that designating prior testimony is common and appropriate: *Woods v. Standard Fire Ins. Co.*, 589 F. Supp. 3d 675, 681 (E.D. Ky. 2022); *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19 CV 226 (ILG) (CLP), 2022 WL 2702378, at *5 (E.D.N.Y. Feb. 11, 2022); *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019); *Bank of America, N.A. v. New England Quality Serv., Inc.*, No. 5:16–cv–83, 2017 WL 2955760, at *3 (D. Vt. Jul. 10, 2017); *Presse v. Morel*, No. 10 Civ. 2730(WHP)(MHD), 2011 WL 5129716, at *2 (S.D.N.Y. Oct. 28, 2011); *Prosonic Corp. v. Stafford*, No. 2:07–CV–0803, 2008 WL 2323528, at *4 (S.D. Ohio June 2, 2008); *EEOC v. Boeing Co.*, No. CV 05–03034–PHX–FJM, 2007 WL 1146446, at *2 (D. Ariz. Apr. 18, 2007).

Plaintiffs further explain that they may designate prior deposition testimony in lieu of producing a corporate representative if: "(1) The organization timely communicates the designated testimony to the noticing party to permit a review of the

9

designations; (2) the designated testimony addresses the requested topic(s); and (3) a deposition of an organizational representative would be unreasonably duplicative, cumulative, and disproportionate to the needs of the case." [DE 197 at 4, *citing Woods*, 589 F. Supp. 3d at 679.] Plaintiffs contend that they have met these requirements, explaining that RSA and eIRA timely communicated their intent to be bound, and they specifically identified the testimony to which they would be bound, line by line. Plaintiffs explain that the deposition topics were the same across all five Latitude affiliated companies. Thus, Plaintiffs maintain that another deposition would be unreasonably duplicative, cumulative, and disproportionate to the needs of the case.

At the outset, as Plaintiffs contend, the authority initially cited by Mr. Reese in support of his motion – *Ball Corp.* and *Babjak*—is immediately distinguishable. In those cases, the Court found that a 30(b)(6) deposition was not duplicative where a prior deposition of the witness had been taken in their individual capacity. *Ball Corp.*, 329 F.R.D. at 605-6, *Babjak,* 2016 WL 4191050, at *2. The distinction between these types of deposition is clear – "an individual need only testify based on his own personal knowledge, whereas a corporate representative testifies on behalf of the corporate entity and is expected to be prepared to testify as to all noticed topics." *Requa v. C.B. Fleet Holding Co., Inc.*, No. 06-cv-01981-PSF-MEH, 2007 WL 2221146, at *2 (D. Colo. July 31, 2007).

The Court also agrees that, using the framework from *Woods*, Plaintiffs have shown that prior testimony may be designated in lieu of a Rule 30(b)(6) deposition—at least as to topics that were previously addressed in prior depositions. But that leaves

Mr. Reese's contention that he must depose a Rule 30(b)(6) witness because he intends to ask questions about information and events that occurred after the prior deposition took place. As to this testimony, the Court cannot find that Plaintiffs have met the second and third requirements of the *Woods* framework because, as Mr. Reese contends, "these questions that have not been asked." [DE 201 at 13 (emphasis in original)]. Thus, the Court cannot find that "the prior testimony is **_sufficiently on point to make subsequent deposition testimony superfluous_**" regarding information or events that occurred after the date of the prior deposition. *Woods*, 589 F. Supp. 3d at 680 (emphasis in original).

      Plaintiffs dispute the relevance of such testimony. First, Plaintiffs contend that Mr. Reese already moved for summary judgment on all claims except for the valuation claims (which do not pertain to RSA or eIRA), suggesting that such testimony is not relevant to his claims. Plaintiffs also contend that Mr. Reese's arguments for such discovery rest on a misstatement of facts, explaining that Mr. Reese is not an owner or RSA or eIRA. Mr. Reese does own another company that has an ownership interest in RSA, but that company is not a party to this case. Thus, Plaintiffs contend that he lacks standing to pursue claims that would require discovery into distributions or corporate actions taken by either eIRA or RSA. But Mr. Reese contends that is he an owner of RSA, and that after he was forced out of Latitude, Mr. Lankford and other shareholders "transitioned the business of RSA . . . to Latitude . . ." [DE 198-1 at 7]. Mr. Reese explains that this information is relevant to his damages and losses due to the actions taken by Plaintiffs' majority shareholders. [DE 201 at 3].

11

The Court permitted additional discovery to occur after ruling on summary judgment, rendering Plaintiffs' first argument unpersuasive. As to the second argument, the Court can only find that Mr. Reese has shown the relevance of the later deposition topics such that they should be permitted. *See Axis Ins. Co. v. Am. Specialty Ins. & Risk Servs., Inc.*, No. 119CV00165DRLSLC, 2021 WL 2910814, at *10 (N.D. Ind. July 12, 2021), *aff'd*, 340 F.R.D. 570 (N.D. Ind. 2021) ("If relevance is in doubt, courts should err on the side of permissive discovery.") Accordingly, the Court will grant Mr. Reese's motion and order RSA and eIRA to produce an authorized Rule 30(b)(6) corporate representative to appear for a deposition and testify under oath on topics regarding information and events (i.e., corporate actions and payments made) since September 2023.

But to the extent that Mr. Reese's notice of deposition lists topics discussed in a prior deposition, Plaintiffs may designate other prior testimony as binding. *See DDK Hotels, LLC, 2022 WL 2702378, at *5* (explaining that "plaintiffs may designate certain testimony as binding on the corporation . . . . To the extent that defendants have follow-up questions of the corporate designee or have areas of inquiry based on information not known to defendants at the time of the prior questioning, they may certainly inquire of the designee."). The Court will extend the discovery deadline to afford the parties time to schedule and take such depositions.

    2.    **Document Requests (Requested Orders 2-4)**

The Court next considers Mr. Reese's second, third, and fourth requests, all of which seek an order compelling Plaintiffs to produce certain documents. Federal Rule

of Civil Procedure 34 allows a party to request documents and other tangible things within the control of other parties. Under Rule 34, "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2).

In the instant motion, Mr. Reese seeks an order compelling production of various documents—documents pertaining to communications between Plaintiffs and shareholders (second request); documents pertaining to Plaintiffs' financial records from 2022 to 2024 (third request); and documents relating to the corporate actions, revenues, profits, and distributions of Latitude Holdings, eIRA, and RSA (fourth request). Plaintiffs object to the instant requests contending that (1) the instant motion is untimely as it pertains to document discovery, and (2) Plaintiffs have agreed to provide updated documents as supplemental discovery, mooting this portion of the motion.

   a. **Timeliness**

The Court begins with timeliness. Here, the parties' deadline for completion of discovery passed on October 16, 2023. [DE 110]. The Court did allow additional discovery until January 17, 2025—the date that Mr. Reese filed the instant motion—but the additional discovery was limited to "remaining fact and expert depositions[.]" [DE 162 at 6]. Thus, the Court's order specifically did not include written document discovery like Mr. Reese seeks through the second, third, and fourth orders requested in the instant motion. While the Federal Rules of Civil Procedure do not set a deadline for filing discovery motions, "motions to compel filed after the close of discovery are almost always deemed untimely." *See Kruse, Inc. v. Hogan*, No. 1:10-CV-00014, 2011 WL

13

3747353, at *1 (N.D. Ind. Aug. 24, 2011) (citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332 (N.D. Ill. 2005) (quoting *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001)). Such untimeliness generally warrants denial. *See e.g., id.* (denying a motion to compel filed two days after the close of discovery as untimely); *Range v. Brubaker*, No. 3:07-CV-480, 2008 WL 5249004, at *4 (N.D. Ind. Dec. 16, 2008) (denying a motion to compel—filed two months after discovery closed, after the parties moved for summary judgment—based on its untimeliness); *Smith v. Cracker Barrel Old Country Store, Inc.*, No. 2:14-CV-123-JTM-PRC, 2015 WL 7430043, at *3 (N.D. Ind. Nov. 20, 2015) (finding plaintiff's motion to compel untimely when filed a month after discovery closed); *Packman*, 267 F.3d at 647 (observing that the district court did not abuse its discretion by denying a motion to compel that was filed after the discovery deadline).

The portions of Mr. Reese's motion pertaining to document requests can only be viewed as patently untimely, as the instant motion filed on January 17, 2025, is about fifteen months after the close of the applicable discovery deadline of October 16, 2023. Here, the Court also set a deadline for filing discovery-related nondispositive motions—such as the instant motion to compel—which passed on September 18, 2023. This deadline further suggests the instant motion's untimeliness as to documentary requests. [DE 110]. Consistent with the case law cited above, Mr. Reese's motion warrants denial due to its untimeliness.

But Mr. Reese contends that his motion is timely. Mr. Reese contends that the "purpose of the stay of discovery in January of 2024 was not to provide Plaintiffs with the ability to withhold and conceal information relating to, inter alia, the secret transfer

14

of RSA business and assets to Latitude after forcing out Mr. Reese, but to reserve this discovery until the Court ruled on Plaintiffs' claim that Mr. Reese sold his ownership interest in RSA and [eIRA]." [DE 201 at 10]. Mr. Reese explains that "the overwhelming majority of requests" seek information pertaining to RSA and eIRA, and he served "these requests approximately two weeks after this Court's Decision, in a diligent and timely manner" as part of his notice of the instant corporate representative depositions. [*Id*]. Mr. Reese appears to suggest that this written discovery directly corresponds to his depositions notices and is thus consistent with the Court's order allowing the parties to conduct certain additional fact and expert depositions.

But the Court cannot agree. As Mr. Reese contends, Fed. R. Civ. P. 30(b)(2) allows parties to request documents as part of a deposition notice, stating that "[t]he notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." But a document request under Rule 30(b)(2) is considered "a complement to a Rule 30 deposition, not a substitute for a Rule 34 document request." *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98-c-0509, 2001 WL 817853, at *5 (N.D. Ill. July 19, 2001) (quoting *Carter v. United States*, 164 F.R.D. 131, 133 (D. Mass. 1995)). Accordingly, requests propounded under Rule 30(b)(2) should be "few and simple" and "closely related to the oral examination." *Id.* If not, such requests are considered to separately fall under Rule 34. *Kosek v. Ethicon*, Inc., No. 18 C 7477, 2021 WL 4499495, at *2 (N.D. Ill. May 17, 2021).

Here, Mr. Reese's Third Request for Production of Documents dated October 18, 2024 includes twenty-seven requests, including a request for "[a]ny and all documents,

15

exhibits, demonstrative exhibits, and/or photographs that you expect or intend to use and/or submit at any hearing, deposition, arbitration, and/or trial in this action, including but not limited to any and all photographs, videotapes, recordings, drawings . . ." [DE 191-6 at 13]. Based on the number and breadth of the requests, the Court cannot consider them to be a complement to the deposition requests. Without more, the Court can only find that the requests exceed the Court's order staying certain limited fact and expert depositions. Accordingly, the requests can only be viewed as untimely, warranting denial consistent with the case law cited *supra.*

Still, a party moving to compel can overcome untimeliness by showing "good cause" and "excusable neglect," as required by Fed. R. Civ. P. 6(b)(1(B). *Kruse*, 2011 WL 3747353, at *2; *see also Smith*, 2015 WL 7430043, at *2 (noting that the plaintiff must demonstrate "good cause for extending the discovery deadline or excusable neglect for waiting over a month after the close of discovery to seek court assistance" in resolving discovery issues). The Federal Rules of Civil Procedure also allow for modification of a court's scheduling order, but "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

When evaluating good cause, a court "primarily considers the diligence of the party seeking amendment" of a deadline. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Good cause exists when a movant shows that "despite [his] diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). On the other hand, excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507

16

U.S. 380, 391, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), but should be viewed as "an 'equitable' standard . . . that requires the court to take 'account of all relevant circumstances surrounding the party's omission . . . includ[ing] . . . the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404–05 (7th Cir. 2011) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

In this vein, Mr. Reese also contends that he only became aware that certain documents were withheld by Plaintiffs in December 2024. [*See* DE 201]. Mr. Reese explains that he became aware of documents "relating to arms-length negotiations and offers made by third party purchasers, offering to purchase Plaintiff, Latitude Service Company, "for $36-38 million dollars" and that he was initially unaware of these documents because Plaintiffs never produced these documents in response to Mr. Reese's prior discovery requests and because Plaintiff's corporate representative had denied that he received any such offers. [*Id.; see also id.* at 6]. But the parties' briefs suggest that Latitude's corporate representative was deposed on these issues, discussing various communications and stating why such communications were not considered offers—at least on Latitude's end. [DE 197 at 12-13; DE 201-1 at 2-5, DE 201-2 at 4]. The corporative representative was deposed on these issues on April 5, 2023, and September 28, 2023, respectively. [DE 201-1; DE 201-2]. Plaintiffs responded to Mr. Reese's requests seeking documents on these issues on November 7, 2022, and July 24,

17

2023. [DE 191-4; DE 191-5]. Yet Mr. Reese did not propound subpoenas to the nonparties referenced until November 8, 2024—during the discovery period limited to certain depositions, and more than a year after the close of relevant discovery period. [DE 191-14]. Mr. Reese otherwise fails to explain why he did not further pursue this issue during the relevant discovery period. Without more, the Court can only find that Mr. Reese had ample time to address this issue but neglected to do so during the relevant discovery period. Accordingly, the Court cannot find that this issue constitutes good cause or excusable neglect to justify granting the motion.

### b. Supplementation (Request 3)

Mr. Reese also states that he filed the instant motion to seek "supplementation of financial and accounting records, owner distributions, management fees, and related financial transactions between the 'Latitude Family of Business' and the majority shareholders, to the exclusion of Mr. Reese." [DE 201 at 11]. Under Fed. R. Civ. P. 26(e)(1), "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response." Fed. R. Civ. P. 26(e)(1). Throughout litigation, the parties have an ongoing duty to provide updated information, and the court may order supplemental production. Fed. R. Civ. P. 26(e)(1)(a)–(b). The parties are thus "under no obligation to request supplementation of discovery responses [as] it is [the producing party's] duty to supplement its responses if they materially change." *Brightpoint Distrib., LLC v. Digit. Data Devices, Inc.*, No. 116CV01202TWPDLP, 2018 WL 6591581, at *2 (S.D. Ind. Dec. 14, 2018). The Court's Rule 16(b) Scheduling Order reflects this:

18

"[s]upplementation under Rule 26(e) [is] due every **six weeks** until trial." [DE 23 at 3]. Thus, regardless of the timing of the instant motion, Plaintiffs remain obligated to supplement its responses to Mr. Reese's prior discovery requests seeking financial records and related financial information between Plaintiffs and shareholders.

Plaintiffs do not dispute this. Plaintiffs explain that they agreed to produce these documents before Mr. Reese filed the motion to compel and that they had produced many of the documents. [DE 197 at 13]. While Rule 37(a) allows a party seeking discovery to move for an order compelling discovery if the responding party fails to comply, courts routinely deny such motions as moot once the responding party provides the requested discovery. *Romary Assocs., Inc. v. Kibbi LLC*, No. 1:10-CV-376, 2011 WL 4005346, at \*2 (N.D. Ind. Sept. 8, 2011) (collecting cases). Accordingly, the Court is inclined to find this portion of Mr. Reese's moot.

Still, on reply, Mr. Reese suggests that the production made is incomplete or insufficient. [DE 201 at 9]. But sufficiency challenges like those made by Mr. Reese in his reply must be raised in a subsequent motion to compel after the parties meet and confer in accordance with Local Rule 37-1. *See Ribik v. Peerless Indem. Ins. Co.*, No. 2:13-CV-154-JTM-PRC, 2014 WL 2938398, at \*2 (N.D. Ind. June 30, 2014) (finding that sufficiency challenges to belated discovery production were not properly before the court in a reply brief); *see also Romary Assocs., Inc.*, 2011 WL 4005345, at \*2 (denying motion to compel as moot subject to further a motion to compel if answers are deemed insufficient). Accordingly, the Court can only consider the motion moot as to the supplementation concerns raised.

19

**D.      Conclusion**

For these reasons, the Court

- **GRANTS IN PART AND DENIES IN PART** Mr. Reese's Motion to Compel [DE 190]. RSA and eIRA are ordered to produce an authorized Rule 30(b)(6) corporate representative to appear for a deposition and testify under oath regarding information and events (i.e., corporate actions and payments made) since prior depositions occurred in September 2023;
- **SETS September 29, 2025**, as the deadline for completion of the Rule 30(b)(6) depositions of RSA and eIRA; and
- **ADMONISHES** the parties to cooperate in good faith with the remaining depositions so that this case can proceed to its final stages.

**SO ORDERED** this 14th day of August 2025.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge
